IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>CESAR NAVA-REYES,<br><br>              Defendant. | CASE NO.  1:13-CR-00355-AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

The defendant has filed a document styled as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. That motion seeks a reduction of sentence based on Amendment 782 to the Sentencing Guidelines. This Court construes the defendant's motion as a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because the defendant received an original sentence at the low end of the amended range.  The Court will deny the defendant's motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A court's authority to modify a sentence is limited by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The defendant was convicted of possession with intent to distribute approximately 2.33 kilograms of heroin. Although the base offense level for that quantity of heroin was level 32 at the time of the defendant's sentencing, the sentencing court applied a two-level downward variance in anticipation of Amendment 782. *See* U.S.S.G. 2D1.1(c)(4) (2013). The sentencing court also applied a two-level safety valve downward departure, U.S.S.G. §§ 2D1.1(b)(16), 5C1.2, and three-level downward departure for acceptance of responsibility, U.S.S.G. § 3E1.1(b), resulting in a total offense level of 25. Based on the defendant's criminal history category of I, the sentencing guideline range was calculated at 57 to 71 months. The sentencing court sentenced the defendant to a term of imprisonment at the low end of the guideline range, committing the defendant to a term of 57months of imprisonment.

The defendant has already received the benefit of Amendment 782 to the Sentencing guidelines. The guideline range remains exactly what it was at the time of the defendant's initial sentencing. Section 1B1.10(b)(2) prohibits this Court from reducing the defendant's sentence to a term less than the minimum of the amended guideline range.  The minimum of the amended range in this case is 57 months.  The defendant received an original sentence of 57 months.  This Court may not grant defendant's motion to reduce his sentence.

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   December 29, 2015                    _____
                                              SENIOR  DISTRICT  JUDGE